UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:22-cv-_____

**PHILIP BARRY JR.**,

    **Plaintiff,**

v.

**ROCKY MOUNTAIN FLAGGING, INC.**, and **MONA BODANESS,** an individual,

    **Defendants.**

## COMPLAINT

### INTRODUCTION

1. When Plaintiff Philip Barry Jr. ("Plaintiff") worked as a Traffic Control Supervisor ("TCS") and Truck Mounted Attenuator Driver ("TMA") for Defendants' traffic control company Rocky Mountain Flagging, Inc. ("RMF") he was underpaid in several regards. First, without prior notice, RMF reduced his rate of pay. Second, during the same pay period when his pay rate was reduced, Plaintiff was not paid overtime properly. Third, RMF improperly deducted the cost of a brand-new steering wheel from his final paycheck because Plaintiff had written on the company truck's steering wheel. Fourth, the company retained and never returned Plaintiff's personal cell phone after his termination. Fifth, Plaintiff was not permitted to take a duty-free meal break but had time deducted from his pay as if he had taken a thirty-minute break.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Rocky Mountain Flagging, Inc., and Mona Bodaness, an

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Orders (the "COMPS" Order).

3. Plaintiff also brings conversion claims based on the Defendant's willful refusal to pay his wages and its false denial of the amount of wages he is owed under state and federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* Defendants' office is located at 5380 Tennyson Street Unit E, Denver, CO 80212, and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendants

7. Defendant **Rocky Mountain Flagging, Inc.** (hereinafter "Rocky Mountain Flagging" or "RMF") is a Colorado corporation doing business within Denver County, whose principal place of business is located at 5380 Tennyson Street Unit E, Denver, CO 80212. Its registered agent is listed with the Colorado Department of State as Mona Bodaness at the same address.

8. Rocky Mountain Flagging holds itself out as providing traffic control services "on roads,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

highways, and bridges in Colorado" since 1984.

9. At all relevant times, Defendant Rocky Mountain Flagging had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Rocky Mountain Flagging was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times material to this action, Defendant Rocky Mountain Flagging was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Mona Bodaness**

12. Defendant Mona Bodaness, an individual, resides in Colorado.

13. Defendant Bodaness is the owner of the company.

14. At all times material to this action, Defendant Bodaness actively participated in the business of the corporation.

15. At all times material to this action, Defendant Bodaness exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

16. Defendant Bodaness was the Plaintiff's boss.

17. At all times material to this action, Defendant Bodaness was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Philip Barry**

18. Plaintiff Philip Barry is a resident of Arvada, Colorado.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 3

19. Plaintiff Barry worked for Defendant Rocky Mountain Flagging from October 26, 2021 to November 18, 2021.

20. At all times material to this action, Plaintiff Barry was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

21. Plaintiff's primary supervisor was Mona Bodaness.

22. As a TCS and TMA Driver, Plaintiff's duties and responsibilities were to control traffic around work sites and start and inspect trucks.

23. While working in this capacity, Plaintiff Barry's time was recorded in a log kept by his supervisor.

24. Plaintiff estimates that generally he worked approximately 51 hours per week.

25. Plaintiff's standard workweek was about three days between Monday and Friday, usually starting at around 5:00PM and ending around 5:00AM.

26. Defendants "shaved" or improperly adjusted Plaintiff's time by reducing the number of overtime hours he worked.

27. At times, Plaintiff worked about 51 hours a week and paychecks reflected only 45.5 hours a week.

28. While in this position, Plaintiff Barry's pay depended on which duties he was performing. His rate of pay was $18 per hour when driving the impact truck and $23 per hour when performing traffic control supervisor duties.

29. Without notice, Defendants reduced Plaintiff's rate of pay to $15.65 per hour.

30. Plaintiff was not even paid at a rate of one- and one-half times the $15.65 hourly rate but instead was paid an overtime rate of $21.67.

31. In addition, Defendants made an improper deduction to Plaintiff's paycheck to replace a

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 4

steering wheel in a company truck, as a punishment. Rather than allowing him the opportunity of attempting to clean the steering wheel, Defendants deducted $403.52 from Plaintiff's final paycheck to pay for a new steering wheel in the company truck after Plaintiff had written on the other one in marker.

32. Defendants also deducted from Plaintiff's pay as if he had taken a thirty-minute meal break, but Plaintiff generally did not get a meal break of 30 minutes or more relieved of all duties, with the Defendants' knowledge. Though he was permitted to eat lunch, he was required to stay in the truck on the road and perform work while consuming his meal.

33. Plaintiff Barry also did not get *bona fide* rest breaks.

34. Further, Defendants have improperly retained Plaintiff's personal cell phone worth approximately $500.

35. Rocky Mountain Flagging indicated it would return Plaintiff's phone once he returned the company's gas card. Plaintiff mailed the gas card back to the company, but he never received his phone.

36. Lastly, Plaintiff was not given pay statements for all of his workweeks.

## LEGAL CLAIMS

### As And For a First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

37. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

38. Defendants failed to compensate Plaintiff at a rate of one and one-half times his normal hourly rates for all hours over 40 worked in a workweek, in violation of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 5

### *Improper Automatic Break Deductions When Breaks Not Taken*

39. Defendants' agents regularly deducted time from Plaintiff's time logged (approximately one-half hour per shift) for alleged breaks or meal times.

40. Due to the nature of his responsibilities, Plaintiff was rarely able to take a break during shifts.

41. Superiors were aware that Plaintiff did not regularly take the 30 minutes being deducted from his pay for alleged break time.

42. To the extent that Plaintiff took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

43. As a result of these deductions, Defendants failed to pay Plaintiff for all hours he actually worked.

44. Further, as a result of these deductions, Defendants failed to pay Plaintiff for the hours above 40 worked in a workweek at a rate of time and a half his normal hourly rate.

### *Record-Keeping Failures*

45. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based on Good Faith & Entitlement to Damages*

46. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

47. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 6

48. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**And As For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

49. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

50. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

51. Plaintiff is Defendants' "employee" as that term is defined by COMPS because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

***Failure to Pay Weekly Overtime Premiums***
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

52. Plaintiff work more than 40 hours at least some workweeks.

53. Defendants do not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

54. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

55. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

56. Defendants violated the CWA as implemented by COMPS, when they failed to pay the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 7

Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

57. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

**Failure to Pay All Earned Wages**
**(Violation of the C.R.S. § 8-6-109)**

58. Plaintiff has been separated from employment with Defendants.

59. Defendants have failed to pay Plaintiff all his wages and compensation earned during his employment.

**Improper Deductions**
**(Violation of the C.R.S. § 8-4-105)**

60. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

**Denial of Mandatory Rest Periods**
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1)**

61. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. COMPS 7 C.C.R. 1103-1(7).

62. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. COMPS 7 C.C.R. 1103-1(8).

**Failure to Pay Wages In Response to Wage Demand**
**(Violation of the C.R.S. § 8-6-109)**

63. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated March 1,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 8

2022.

64. Defendant has not tendered any payment in response to this demand.

65. More than 14 days has elapsed since March 1, 2022.

66. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

**Record-Keeping Failures; Failure to Provide Pay Stubs**
**(Violation of the CMWA, C.R.S. §§ 8-6-101,** *et seq.***, Wage Order 7 C.C.R. 1103-1(12))**

67. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

68. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., COMPS 7 C.C.R. 1103-1(12)).

**Damages**

69. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 9

### And As For A Third Cause of Action
#### CONVERSION/ THEFT OF SERVICES

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

71. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

72. By failing to pay the Plaintiff all of his wages or compensation, Defendants have committed theft of services.

73. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)  Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)  Liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)  Statutory damages as provided for the CWCA; and

(D)  Conversion damages in the amount of three times the amount of the actual damages

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 10

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

(E)    Interest; and

sustained; and

(F)    The costs of this action together with reasonable attorneys' fees; and

(G)    Such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this 20 day of **June**, **2022**.

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
CO Bar Reg No. 54677
11 Broadway, Suite 615
New York, NY  10004

**Mary Beth Melso**
mmelso@andersondodson.com
CO Bar Reg No. 54800
14143 Denver West Pkwy. Suite 100-50
Golden, CO 80401

(212) 961-7639 tel.

Attorneys for Plaintiff

# **VERIFICATION**

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on  6/17/2022                                      at  10:05am
                    (date)                                           (city or other location, and state)

**Philip Barry**
Printed Name of Plaintiff

DocuSigned by:
*P.W B.*
F9483F5BFCBA4D3...
Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barry v. Rocky Mountain Flagging, Inc.*
USDC, District of Colorado

Complaint
Page 12